986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
STARRY CONSTRUCTION CO., INC. a Minnesota corporation, Appellant,
v.
MURPHY OIL USA, INC., a foreign corporation, Appellee.
 Nos. 92-1703, 92-2433.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: December 18, 1992.
Filed: January 5, 1993.
 
 Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Starry Construction Co., Inc., (Starry) is a general contractor engaged in the business of bituminous road construction. Murphy Oil USA, Inc., (Murphy) is a supplier of asphalt cement oil, a necessary material for bituminous road construction. In March 1990 Murphy agreed to sell Starry 20,000 tons of asphalt cement oil at a price of $90 per ton. Murphy memorialized the agreement in a sales acknowledgment form sent in April. Later in April, Starry orally requested an additional 5,000 tons of asphalt cement oil at the same price. Starry alleges that Murphy orally agreed to supply the additional material. There is no writing, however, that memorializes the oral modification of the contract.
 
 
 2
 In August 1990 Iraq invaded Kuwait. The invasion had significant affects on the world oil market, including a reduction in supply and a consequent rise in price. In September 1990 Murphy orally informed Starry that it could not supply the additional 5000 tons of asphalt cement oil. Starry bought the additional material from other suppliers at substantially higher prices.
 
 
 3
 Seeking to recover the difference in price, Starry brought this action against Murphy, alleging breach of contract, equitable estoppel, promissory estoppel, and negligent misrepresentation. Murphy eventually moved for summary judgment, asserting as its principal defense that the statute of frauds precluded any recovery based on a breach of contract theory. On February 27, 1992, the district court granted Murphy's motion on all counts in a lengthy, well-reasoned opinion that carefully analyzed the law and the evidence. The district court's ruling held that the statute of frauds precluded any contractual recovery, and that the other claims did not apply.
 
 
 4
 After a careful review of the record, we affirm on the basis of the district court opinion. See 8th Cir. R. 47B.